\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BENJAMIN MENDOZA | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv489 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Benjamin Mendoza, an inmate confined within the Bureau of Prisons, filed the above-styled motion to vacate, set aside or correct sentence. The court referred the matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the motion to vacate, set aside or correct sentence be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the applicable law.

Movant was previously convicted of possessing methamphetamine with the intent to distribute. The methamphetamine involved in the offense was discovered as a result of a search of the vehicle movant was driving.

Movant contends he received ineffective assistance of counsel because counsel failed to file a motion attempting to have the discovery of the methamphetamine suppressed. He states the motion should have been based on the initial stop of his vehicle not being justified, as well as the length of his detention while the vehicle was being searched.

After conducting an evidentiary hearing, the Magistrate Judge concluded movant was not entitled to relief because counsel's failure to file a motion to suppress did not cause movant to suffer prejudice and did not fall below an objective standard of reasonableness.[1]

*First Objection*

Initially, movant faults the Magistrate Judge for giving credence to a portion of the testimony of Detective Dean Nance that movant contends is contradicted by the videotape of the traffic stop. Quoting portions of the Report and Recommendation, movant describes the testimony of Detective Nance on this point as follows:

> Nance testified that when he stopped Mendoza, he asked him where he was headed and inquired as to why he was near Beaumont. "Detective Nance testified that movant hesitated when asked to provide [the name of the girl he stated he was coming to Beaumont to see]." Detective Nance further testified that "movant seemed nervous when he was questioning him." Nance stated Mendoza's "lips and face were quivering and his eyes were shifting." Nance testified he asked for permission to search the vehicle "because of movant's eye movements and his nervousness, as well as the fact that the insurance was for a vehicle owned by someone [else]." The Magistrate noted Nance "also stated movant had hesitated when providing his girlfriend's name and provided details of his trip that did not make sense.

Petitioner Benjamin Mendoza's Objections to the Magistrate Judge's Report and Recommendation at pp.1-2.

Movant contends the videotape of the traffic stop does not support this testimony. He states the videotape shows he did not hesitate when asked about his girlfriend's name and answered the detective's questions appropriately and without hesitation.

The videotape shows Detective Nance asked movant for his girlfriend's name. Movant responded with a first name. Detective Nance then asked for a last name. Movant responded. Before movant's answers to both questions, there is a slight, but perceptible pause. In addition, movant said "ah" before answering the second question. As a result, it cannot be concluded the

---

[1] In order to prevail on his claim of ineffective assistance of counsel, movant must establish counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). To be deficient, counsel's performance must have been objectively unreasonable in light of the facts of the case. *Id*. at 689-90. To establish prejudice, movant must show there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694.

2

Magistrate Judge's description of Detective Nance's testimony on this point is contradicted by the videotape. The Magistrate Judge therefore did not err in relying on this testimony.

*Second and Third Objections*

Movant also objects to the Magistrate Judge's conclusion that Detective Nance developed reasonable suspicion of additional criminal activity before movant's license cleared. He further states the Magistrate Judge erred in concluding the facts in this case were analogous to those in *United States v. Sanchez*, 225 F. App'x 288 (5th Cir. 2007), and distinguishable from the facts present in *United States v. Santiago*, 310 F.3d 336 (5th Cir. 2002).

Even if the initial stop of a vehicle is justified, an individual may not continue to be detained once the purpose of the stop is satisfied. An individual may not be detained longer than is required to justify the stop. *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Normally, once all computer checks come back clear, there is no legitimate reason for extending the stop. *Id*. at 421.

However, detention may be prolonged if additional reasonable suspicion arises in the course of the stop before the initial purpose of the stop has been fulfilled. *Id*. at 431. "Reasonable suspicion exists when the detaining officer can point to specific and articulable facts that, when taken with rational inferences from those facts, reasonably warrant the search and seizure." *United States v. Estrada*, 459 F.3d 627, 631 (5th Cir. 2001).

In concluding Detective Nance developed reasonable suspicion which justified prolonging movant's detention, the Magistrate Judge stated as follows:

> The government and Detective Nance assert reasonable suspicion was developed based on several factors. Detective Nance testified that when he spoke to movant while he was sill in the vehicle, movant was very nervous, his face and lips were quivering and his eyes were moving. Detective Nance also noted that movant lived in California. He stated that in his experience, when someone from another state comes to Houston, a city narcotics are known to be transported from using Interstate 10, that raises a red flag. Detective Nance also found suspicious the fact that movant had recently obtained insurance on the vehicle in his name even though he did not own the vehicle. He stated he had arrested people with illegal narcotics who had come in from another state and bought insurance in their name on a vehicle they did not own.

3

> Detective Nance stated movant told him he was traveling to see his girlfriend. However, he found it suspicious that movant hesitated when asked his girlfriend's name and again when asked for her first and last names. Movant also stared off before answering these questions. In addition, when movant was asked where he was going, he pointed towards Beaumont, but described a highway intersection, "10 and 12," that was located in Vidor rather than Beaumont. Detective Nance stated that in his experience, drug traffickers get confused because they are actually going to Intestate 12 in Louisiana, but are confused as to where that highway is located.
>
> None of the factors stated by Detective Nance, standing alone, would amount to reasonable suspicion. Indeed, a factor such as movant's nervousness would appear to be a normal reaction to being stopped by the police. However, in light of Detective Nance's experience, all the factors, when combined, provided him with specific articulable facts sufficient to justify movant's continued detention while a further search was conducted.

Report and Recommendation of United States Magistrate Judge at pp. 8-9.

Detective Nance's conclusion that there was sufficient reasonable suspicion to continue to detain movant after all computer checks came back clear was based on more than a hunch. Detective Nance's observations of movant's conduct and movant's answers to certain questions, combined with the detective's experience and the inferences he reasonably drew from movant's actions, provided him with sufficient specific, articulable facts to continue to detain movant.

In *Santiago*, reasonable suspicion was based on the driver and passenger of a vehicle appearing nervous and providing conflicting stories. The United States Court of Appeals for the Fifth Circuit found these factors were not enough to support continued detention after completion of a computer check. In *Sanchez*, the Fifth Circuit concluded continued detention was justified because: (1) there was a roaring noise emanating from the dashboard; (2) the defendant was nervous and his hands were shaking; (3) the address of the defendant on his license and insurance certificate did not match; (4) the insurance certificate had been issued recently; (5) the defendant averted his eyes when questioned about contraband and (6) the defendant was driving a known drug-courier route. *Sanchez*, 225 F. App'x at 290.

The Magistrate Judge concluded *Santiago* was not controlling because there were factors known to Detective Nance that were not found in *Santiago*. While he acknowledged some of the factors present in *Sanchez* were not present here, the Magistrate Judge found *Sanchez* was

sufficiently similar to provide support for the conclusion that there was sufficient reasonable suspicion to justify movant's continued detention.

Movant maintains that *Santiago* is more on point than *Santiago*. Movant correctly points out that in *Santiago*, the Fifth Circuit stated that uneasy feelings on the part of an officer and inconsistencies between the stories given by a passenger and driver did not amount to reasonable suspicion. *Santiago*, 310 F.3d at 338-39. But the Magistrate Judge correctly stated movant's continued detention was supported by factors not present in *Santiago*. Further, the similarities between the facts in this case and the facts in *Sanchez* are sufficient to support the conclusion that reasonable suspicion existed here.[2] Four of the six factors present in *Sanchez* are also present here. The court therefore agrees that the decision in *Santiago* is distinguishable and that the facts present in *Sanchez* are analogous to the facts present in this case.

*Fourth Objection*

In addition, movant objects to the Magistrate Judge's failure to address his contention that even if Detective Nance had sufficient grounds to continue movant's detention, the detention was nevertheless unreasonable because of the multifarious and multiple searches Detective Nance conducted of the vehicle. However, movant cites no authority for the proposition that so long as reasonable suspicion exists for a suspect's continued detention, there are limits regarding how many times a vehicle may be searched. Detective Nance did search portions of the vehicle more than once. However, he conducted his searches diligently and not in manner that unnecessarily prolonged movant's detention. The fact that Detective Nance searched portions of the vehicle more than once did not violate the Fourth Amendment.

---

[2] The court notes that *Sanchez* is an unpublished opinion. Under Fifth Circuit Local Rule 47.5.4, unpublished opinions issued after January 1, 1996, are not precedent except in limited circumstances not present here. However, while such opinions do not constitute binding precedent, they may be considered as persuasive authority. *Light-Age, Inc. v. Ashcroft-Smith*, 922 F.3d 320, 322 n.1 (5th Cir. 2019).

*Fifth Objection*

Detective Nance testified he asked movant whether he could search his vehicle and that movant consented. The Magistrate Judge concluded movant's continued detention was also justified by his consent to the search. Consent to a search must be voluntary and the search, as executed, must be within the scope of the consent. The Magistrate Judge stated that while movant's consent was clearly voluntary, whether the search exceeded his consent was a closer question. The Magistrate Judge further stated:

> While movant himself placed no limit on the duration of the search, he consented to the search after Detective Nance stated the search would be real quick and only take a second. Based on Detective Nance's description, a reasonable person would not have anticipated Detective Nance's search would be prolonged.
>
> Approximately 31 minutes elapsed between the time movant consented to the search and the time the drug dog alerted. Approximately 25 minutes elapsed between the time movant's license cleared and the drug dog alerted. The issue is whether such periods of time exceeded the scope of movant's consent.
>
> While the issue is a close one, Detective Nance's search did not exceed the scope of movant's consent. It is doubtful anyone would have expected the search to only take a second or even a few minutes. The length of the search also might prevent the conclusion that the search was fairly quick. However, the search was not so prolonged as to exceed what a reasonable person would have expected under the circumstances. In addition, once Detective Nance began his search, he pursued it diligently, with few pauses.
>
> This conclusion is supported by movant's failure to object to the search because it was taking too long. Movant was standing unrestrained behind the vehicle until after the drug dog alerted. He could have protested at any time that the search was taking too long. While movant stated he did not realize he could withdraw his consent, he acknowledged it might have made a difference if he had asked Detective Nance to stop the search. Movant testified the search took longer than he expected. However, he gave no indication of this during the search. In light of movant's failure to protest the length of the search, it cannot be concluded the duration of the search exceeded the scope of movant's consent.

Report and Recommendation at 11-12.

Movant contends his consent to the search, given approximately two minutes after he was stopped and after he was told the consent would be quick, only taking a second, would not have led a reasonable person to understand he had consented to the intensive search that was performed. He further asserts that consent to search a vehicle does not give the officer the right to conduct an

unending search or to conduct repeated searches.

Once the drug dog alerted, Detective Nance had probable cause to search movant's vehicle. *United States v. Neal*, 637 F.3d 562, 567-68 (5th Cir. 2011). This occurred approximately 31 minutes after movant consented to the search. Whether a search of a vehicle falls within the scope of the consent given is determined by what a reasonable person would have understood based on the exchange between the officer and the person giving consent. *Florida v. Jimeno*, 500 U.S. 248, 250 (1991). Detective Nance told movant the search would be quick, but, as the Magistrate Judge stated, it seems unlikely a reasonable person would have taken Detective Nance's statement that the search would only take a second literally. Movant himself placed no limitations on the search. Nor did he object to the search at any time. He stated he did not realize he could object. But he does not allege Detective Nance said anything that would have led him to believe he could not object to what was being done or withdraw his consent to the search.

As movant placed no limitations on the search and did not object to how Detective Nance was conducting the search, the court agrees that the search, as conducted, did not exceed the scope of movant's consent. While the length of the search did exceed the length of time Detective Nance indicated the search would take, it did not exceed the length of time a reasonable person would have expected the search of a vehicle to take.

*Sixth Objection*

Finally, movant objects to the conclusion that he failed to establish his claim of ineffective assistance of counsel. He states the Magistrate Judge erred in concluding that as there was not a reasonable probability a motion to suppress would have been granted, movant did not suffer prejudice as a result of such a motion not having been filed and that counsel's failure to file such a motion did not fall below an objective standard of reasonableness.

The court disagrees. As explained above and in the Report and Recommendation, the search conducted by Detective Nance did not violate the Fourth Amendment. Moreover, movant consented to the search. As a result, there is not a reasonable probability a motion to suppress would have

been granted. Counsel's failure to file a motion to suppress therefore did not cause movant to suffer prejudice or fall below an objective standard of reasonableness.

## ORDER

Accordingly, movant's objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. A final judgment will be entered denying this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether his motion to vacate is meritorious is subject to debate among jurists of reason. In addition, the questions presented by movant are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

**SIGNED** this the **20** day of **April, 2020.**

_____
Thad Heartfield
United States District Judge